UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBIN M., | Case No. 2:23-cv-0406-BNW |
| Plaintiff, | |
| v. | **ORDER DENYING ECF No. 11 And GRANTING ECF No. 14 Countermotion to Affirm the Agency Decision** |
| MARTIN O'MALLEY, Commissioner of Social Security*, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for Reversal and Remand. (ECF No. 11). Defendant filed a response in opposition and countermotion to affirm the agency decision (ECF No. 14). Plaintiff then filed a reply in support of his motion. (ECF No. 15). Plaintiff also filed Notice of New Authority. (ECF No. 12). For the reasons stated below, the Court affirms the Commissioner's final decision.

I.   **Background**

On May 14, 2019, Plaintiff applied for disability insurance benefits under Title XVI of the Social Security Act, alleging an onset date of October 15, 2012. ECF No. 9-1[1] at 247-57. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 152-58. A telephonic hearing was held before Administrative Law Judge ("ALJ") Cynthia Hoover on January 4, 2022. *Id*. at 91-112. On January 26, 2022, ALJ Hoover issued a decision finding that Plaintiff was not disabled. *Id.* at 36-50. On January 30, 2023, the Appeals Council denied review. *Id*. at 13-19. On March 21, 2023, Plaintiff commenced this action for judicial review under 42 U.S.C. § 1383(c). *See* Compl. (ECF No. 6).

///

---

\* Martin O'Malley has been substituted for his predecessor in office, Kilolo Kijazaki, pursuant to Federal Rule of Civil Procedure 25(d).

[1] ECF No. 9-1 refers to the Administrative Record in this matter which was electronically filed. (Notice of Electronic Filing (ECF No. 9)). All citations to the Administrative Record will use the CM/ECF page numbers.

## II. Discussion

### A. Standard of Review

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue

before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### B. Disability Evaluation Process and the ALJ Decision

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Moreover, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then a finding of disabled is made. *Id*. § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and perform an SGA. If the individual has the RFC to perform her past

work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). ECF No. 9-1 at 38-50.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 14, 2019, the application date. *Id*. at 38.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: unspecified depressive disorder; major depressive disorder; bipolar disorder; schizoaffective disorder/schizophrenia; anxiety disorder; borderline personality disorder (20 C.F.R. § 416.920(c)). *Id*. at 39.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 40-43.

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple tasks, with concentration, persistence, and pace for such work, which would be characteristic of unskilled occupations and could have occasional contact with the public. *Id*. at 43.

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. *Id*. at 48.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found the claimant capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id*. at 49. Specifically, the ALJ found that Plaintiff can work as a hand packager, a kitchen helper, and an industrial cleaner. *Id*. The ALJ then concluded that Plaintiff was not under a disability at any time since May 14, 2019. *Id*. at 49-50.

### 1. Legal Standard Governing Step Five of the Sequential Evaluation

At step five, an ALJ must determine whether the claimant's impairments prevent him from performing any other substantial gainful activity. *Parra v. Astrue,* 481 F.3d 742, 746 (9th Cir. 2007). At this step, the burden is on the Commissioner to show that the claimant may perform other types of work in the national economy, given the claimant's age, education, and work experience. *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). The ALJ can meet the burden of showing that there is other work in "significant numbers" in the national economy that the claimant can perform by eliciting the testimony of a vocational expert ("VE"). *Lounsburry,* 468 F.3d at 1114 (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098–1099, 1101 (9th Cir. 1999)); *Burkhart v. Bowen,* 856 F.2d 1335, 1340 (9th Cir. 1988). For the VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. *Andrews,* 53 F.3d at 1044; *Roberts,* 66 F.3d at 184. The hypothetical should be "accurate, detailed and supported by the medical record." *Tackett,* 180 F.3d at 1101.

Social Security Ruling ("SSR") 00–4p clarifies the standards for identifying and resolving conflicts between occupational evidence provided by a VE and information in the Dictionary of Occupational Titles (4th ed. 1991) ("DOT"), a job information resource published by the Department of Labor. *See* SSR 00–4p, at *2.[2] Specifically, the Commissioner uses the DOT and "its companion publication," the Selected Characteristics of Occupations Defined in the Revised

---

[2] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

Dictionary of Occupational titles ("SCO"), at both steps four and five, and relies "primarily on" those publications "for information about the requirements of work in the national economy." *Id. See also Massachi v. Astrue,* 486 F.3d 1149, 1153 (9th Cir. 2007). Thus, while the ALJ is not bound by the information contained in the DOT or SCO, these publications are the primary sources of vocational information at these steps.

Pursuant to SSR 00–4p, before relying on a VE's testimony at step five to support a disability determination, an ALJ must do three things. First, at the hearing, the ALJ has an "affirmative responsibility to ask about any possible conflict between [the VE's] evidence and information provided in the [DOT]." *Id.* at *4. An ALJ may not properly rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. *Massachi* 486 F.3d at 1152 ("[W]e address the question whether, in light of the requirements of [SSR] 00–4p, an ALJ may rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles. We hold than an ALJ may not."). If the ALJ does not ask the VE whether his testimony conflicts with the DOT, the reviewing court cannot determine whether substantial evidence supports the ALJ's findings. *Id.* at 1153-54 (citing *Prochaska v. Barnhart,* 454 F.3d 731, 736 (7th Cir. 2006)); *see also Travis v. Astrue,* 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence.").

Second, if the VE's testimony appears to conflict with the DOT, the ALJ must "obtain a reasonable explanation for the apparent conflict." SSR 00–4p, at *4. Third, if the VE's testimony is not consistent with the information in the DOT, the ALJ must "explain in the determination or decision how he or she resolved the conflict ... irrespective of how the conflict was identified." *Id.*

///

///

///

///

///

**III. Analysis**

**A. The ALJ did not err by assessing an RFC that limited Plaintiff to "simple tasks" and did not err at Step Five by finding that Plaintiff could perform jobs requiring Reasoning Level 2**

Plaintiff's not well-developed argument appears to assert that the ALJ erred by (1) limiting Plaintiff to "simple tasks" rather than "short, simple tasks" and (2) determining that Plaintiff had the capacity to perform jobs that require Reasoning Level 2. *See* ECF No. 11 at 8-9.

**1. ALJ appropriately limited Plaintiff to simple tasks**

Plaintiff argues that the ALJ failed by assessing an RFC that limited Plaintiff to "simple tasks" rather than "short, simple tasks" as Dr. Hightower opined.

In assessing her RFC, the ALJ considered the opinions of Dr. Ceniti and Dr. Hightower, the state agency physicians. ECF No. 9-1 at 47, 118-130, 132-145. Dr. Ceniti reviewed the record and opined Plaintiff was capable of following simple instructions and adapting to changes consistent with a simple work environment. *Id.* at 127-28. The ALJ found his opinion "supported by citations to relevant evidence" but only "partially consistent" because Ceniti's October 2019 review did not have the benefit of subsequent medical records. *Id.* at 47.

The ALJ found Dr. Hightower's March 2020 opinion "persuasive" because it was consistent with the evidence received at the hearing. *Id.* Dr. Hightower opined Plaintiff could "understand and remember simple instructions, sustain concentration and attention for short, simple tasks[.]" *Id.*

Substantial evidence supports the ALJ's assessment of the RFC. In addition to the opinions of Ceniti and Hightower, the ALJ relied on the treatment notes of certified physician's assistant Virgilio Siu which showed generally normal psychiatric exams and no trouble concentrating by May 2020. *Id.* at 46-47 (compiling records). Similarly, Dr. Sharma's treatment notes revealed generally intact memory, normal attention span and fair insight. *Id.* at 47. By April 2021, treatment notes showed appropriate eye contact, calm and cooperative behavior, and good mood. *Id.* at 46 (citing ECF No. 9-1 at 1199). Further, her bipolar disorder was in full remission, with conservative treatment effectively handling psychosis. *Id.* at 1198-1200.

The ALJ relied upon substantial evidence to assess the RFC limiting Plaintiff to "simple tasks[.]" As a result of the improvement in Plaintiff's condition as treatment progressed, the ALJ was justified in assessing an RFC that contained a lesser limitation than that envisioned by Dr. Hightower. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The Court denies Plaintiff's motion to remand based on the RFC limitation to simple tasks.[3]

**B. The ALJ reasonably discounted Plaintiff's subjective symptom testimony**

**1. Standard of Review**

When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so. *Smartt v. Kijazaki*, 53 F.4th 489, 494-95 (9th Cir. 2022) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). An ALJ may not "reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d 676, 681 (9th Cir. 2005). This means that an ALJ "cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony." *Smartt*, 53 F.4th at 495. But an ALJ may weigh objective medical evidence in the record that is inconsistent with the claimant's subjective testimony to determine the degree to which it undercuts the claimant's testimony. *Id.* at 498.

**2. The ALJ properly discounted Plaintiff's symptom testimony**

Plaintiff argues that by stating that her alleged symptoms were not entirely consistent with the medical record the ALJ improperly penalized her for not providing objective medical evidence fully corroborating the severity of her self-reported symptoms.

---

[3] Because the RFC correctly limited Plaintiff to simple tasks, the Court need not address Plaintiff's argument that an apparent conflict exists between Dr. Hightower's limitation to "short, simple tasks" and Reasoning Level 2.

The ALJ properly discounted Plaintiff's subjective symptom testimony and self-reported limitations because (1) the objective medical evidence was inconsistent with those limitations and (2) generally her treatment had been conservative and successful.

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." ECF No. 9-1 at 44-45. An ALJ's finding need only be "sufficiently specific to permit the [reviewing] court to conclude that the ALJ did not 'arbitrarily discredit a claimant's testimony.'" *Bunnell v. Sullivan*, 947 F.3d 341, 345 (9th Cir. 1991) (en banc) (quoting *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991)). "The standard isn't whether [a reviewing] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt,* 53 F.4th at 499. The ALJ's reasoning was sufficiently specific and substantial evidence supports it.

Plaintiff is correct that an ALJ may not "reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of [symptoms]." *Burch*, 400 F.3d at 680. But, the ALJ did not commit the error identified in *Burch*. The context of the ALJ's decision, as a whole, demonstrates the ALJ did not reject Plaintiff's subjective complaints based solely on lack of corroborating medical evidence. The ALJ highlighted several inconsistencies between Plaintiff's subjective symptom testimony and the objective medical evidence in the record. ECF No. 9-1 at 44-47. Particularly, the ALJ focused on Plaintiff's improving mental health as treatment proceeded. *Id.* Rather than rely on lack of corroborating medical evidence, the ALJ considered the timeline of the evidence which shows improvement of symptoms, followed by a worsening condition resulting in medication adjustments, and then subsequent improvement. *Id.*

This approach tracks the Ninth Circuit's recognition that "[s]ymptoms may wax and wane during the progression of a mental disorder." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The Social Security regulations also recognize that treatment often 'ameliorate[s]' the signs and symptoms of mental disorders. 20 C.F.R. pt. 404, subpt. P, app. 1 (2014). "Such evidence of medical treatment successfully relieving symptoms can undermine a

claim of disability." *Wellington*, 878 F.3d at 876 (citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)). As a result, the ALJ appropriately highlighted the differences between Plaintiff's testimony regarding signs and symptoms of her mental illness with the treatment notes of her doctors.

Further, this focus explains why the ALJ also found that "routine and conservative treatment since the current application date" called into question Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms. Conservative treatment can be "sufficient to discount a claimant's testimony regarding [the] severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007). Plaintiff does not dispute that her treatment was conservative and routine but argues that her doctors never suggested more aggressive treatment. The ALJ's determination that this resulted from Plaintiff's positive progress is supported by substantial evidence. *See* ECF No. 9-1 at 619, 663 (showing that Plaintiff's bipolar depression diagnosis moved from partial to full remission).[4]

In turn, because the ALJ reasonably discounted Plaintiff's subjective symptom testimony by relying on clear and convincing evidence, the Court denies Plaintiff's motion for remand on this ground.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 11) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Countermotion to Affirm the Agency Decision (ECF No. 14) is **GRANTED;**

///

///

///

---

[4] Plaintiff's motion for remand also argued that substantial evidence did not support the ALJ's determination that Dr. Sharma's opinion was not supported by his treatment notes and that the opinion was not consistent with the overall medical evidence. In reply to the Commissioner's opposition, Plaintiff abandoned this claim. See ECF No. 15 at p. 5. Therefore, the Court need not consider it.

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED: March 27, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE